UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00287-MR

| | | |
|---|---|---|
| CHRISTOPHER MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ASHEVILLE POLICE DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A, and Plaintiff's Amended Motion to Proceed in Forma Pauperis [Doc. 4].

**I.  BACKGROUND**

Pro se Plaintiff Christopher Moore ("Plaintiff") filed this action on October 6, 2023, pursuant to 42 U.S.C. § 1983, naming the Asheville Police Department and the City of Asheville as Defendants. [Doc. 1]. Plaintiff alleges the following. On January 28, 2023, at approximately 7:30 p.m., in Asheville, North Carolina, Plaintiff was pulled over and instructed at gunpoint to exit his vehicle and lay on the ground. [Id. at 5]. Despite complying, an unidentified officer pressed a knee into Plaintiff's back, Plaintiff's "arms

[were] positioned aggressively," and Plaintiff was tazed twice. The officer never explained the reason for Plaintiff's arrest, confiscated Plaintiff's phone, and seized his car after cutting his belt and putting shackles around his ankles. Plaintiff was taken to "an undisclosed location for a non-hospital blood draw." [Id.]. Plaintiff attempted to file a complaint regarding the incident at the police department, but he was shown "a selectively edited video that omitted instances of misconduct" and advised to retract his statement. [Id.].

Plaintiff claims that Defendants violated his Fourth Amendment right to be free from unlawful search and seizure. [Id. at 3]. Plaintiff alleges physical and emotional injuries from the alleged conduct. [Id. at 7]. Plaintiff seeks monetary relief only, including punitive damages. [Id.].

## II. MOTION TO PROCEED IN FORMA PAUPERIS

The Court first addresses Plaintiff's amended motion to proceed in forma pauperis. [Doc. 4]. Plaintiff's affidavit shows that he had an average monthly income of $197.00 for the past twelve months from food stamps. [Id. at 1-2]. Plaintiff reports having no cash, a total of $25.00 in two bank accounts, and no other assets. [Id. at 2-3]. Plaintiff reports having no monthly expenses. [Id. at 4-5]. Plaintiff states that he cannot pay for the cost of these proceedings because he is currently unemployed because he

"must take care of mom full time." [Id. at 5]. The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, allow the motion and permit Plaintiff to proceed in forma pauperis in this action.

## III. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which

set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

"The Fourth Amendment's prohibition on unreasonable seizures includes the right to be free of 'seizures effectuated by excessive force.'" Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (quoting Schultz v. Braga, 455 F.3d 470, 476 (4th Cir. 2006)). In this regard, the inquiry is whether a reasonable officer would have determined that the degree of force used was justified by the threat presented, an objective inquiry "requir[ing] careful attention to the facts and circumstances in each particular case," including "'the severity of the crime at issue,' whether the 'suspect poses an immediate threat to the safety of the officers or other,' and whether the suspect 'is actively resisting arrest or attempting to evade arrest by flight.'" Jones v. Buchanan, 325 F.3d 520, 527 (4th Cir. 2003) (quoting Graham v. Connor,

4

Case 1:23-cv-00287-MR   Document 5   Filed 12/21/23   Page 4 of 7

490 U.S. 386, 396 (1989)).

### A. Defendant Asheville Police Department

Under North Carolina law, the Asheville Police Department is not a "person" and, therefore, cannot be sued under 42 U.S.C. § 1983. Moore v. City of Asheville, NC, 290 F.Supp.2d 664, 673 (W.D.N.C. 2003), aff'd, 396 F.3d 385 (4th Cir. 2005). The Court, therefore, will dismiss the Asheville Police Department as a Defendant in this matter.

### B. Defendant City of Asheville

A county or other municipality may be held liable under § 1983 only for acts done pursuant to such municipality's policy or custom. See City of St. Louis v. Praprotnik, 485 U.S. 112, 123, 108 S. Ct. 915 (1988); cf. McMillian v. Monroe County, 520 U.S. 781, 784, 117 S. Ct. 1734 (1997) ("[A] local government is liable under § 1983 for its policies that cause constitutional torts."). "For a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978)).

5

Case 1:23-cv-00287-MR   Document 5   Filed 12/21/23   Page 5 of 7

Plaintiff makes no allegations particular to Defendant City of Asheville. Plaintiff does not allege that any official City of Asheville policy was the moving force behind a constitutional violation. Plaintiff, therefore, has failed to state a claim against Defendant City of Asheville under § 1983 and the Court will also dismiss this Defendant. The Court will, however, allow Plaintiff to amend his Complaint as set forth below.

## V. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Complaint fails initial review and will be dismissed without prejudice as set forth in this Order. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted against a proper defendant in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's

failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendants Asheville Police Department and City of Asheville shall be **DISMISSED** as Defendants in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion to Proceed in Forma Pauperis [Doc. 4] is **GRANTED**.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: December 20, 2023

Martin Reidinger
Chief United States District Judge